IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHANNON WOODS            PLAINTIFF

V.            CASE NO.: 16-1075

GEORGIA-PACIFIC, LLC; GEORGIA-PACIFIC, LLC
d/b/a GEORGIA-PACIFIC BLEACH
BOARD HOPPER PAPER COMPANY; and
JOHN DOES 1-5            DEFENDANTS

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
AUG 11 2016
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

## COMPLAINT AT LAW

Comes now the Plaintiff herein, Shannon Woods, and for his Complaint at Law against the Defendants, Georgia-Pacific, LLC, Georgia-Pacific, LLC d/b/a Georgia-Pacific Bleach Board Hopper Paper Company and John Does 1-5, hereby states and alleges as follows:

1. That this is a cause of action brought by the Plaintiff, arising out of an incident that occurred in Crossett, Ashley County, Arkansas on or about October 31, 2010, resulting in an accident/occurrence on November 3, 2010, causing injury to the Plaintiff. That at the time of the acts complained of herein, the Plaintiff was an employee of USA Truck, Inc. in Van Buren, Benton County, Arkansas.

2. That the separate Defendant, Georgia-Pacific, LLC is a corporation that was authorized to do, and had been doing, business in the State of Arkansas in Crossett, Ashley County, Arkansas, at the time of the acts alleged herein.

3. That the separate Defendant, Georgia-Pacific, LLC d/b/a Georgia-Pacific Bleach Board Hopper Paper Company is a corporation that was authorized to do, and had been doing, business in the State of Arkansas in Crossett, Ashley County, Arkansas, at the time of the acts alleged herein.

4. That the separate defendants, John Does 1 through 5, are unidentified at the time of the filing of this complaint, and may have breached a duty to the plaintiff and proximately caused damages to the plaintiff. The plaintiff reserves the right to amend the complaint to substitute the real party in interest to separate defendants, John Does 1 through 5, at such time as their identity and whereabouts are determined through the course of discovery.

5. That "John Doe" represents any and all parties who may be made proper defendants to this lawsuit who, at the time of the filing, are unknown to the plaintiff, including, but not limited to, persons liable for acts and/or omissions pertaining to the damages done to the plaintiff as a result of the incident which is the subject of this litigation. Attached hereto as Exhibit "A" and incorporated by reference, is an affidavit duly executed by Timothy J. Myers, Attorney for the Plaintiff, that these John Does include, but are not limited to, other potential responsible parties, and all other persons potentially liable under the law.

6. That this Court has jurisdiction and venue is proper pursuant to 28 U.S.C. §1332, as there is complete diversity and the amount in controversy is in excess of the Federal Jurisdictional limits.

7. That on or about October 31, 2010, the Plaintiff was at the Defendants' place of business on behalf of his employer, USA Truck, Inc., to receive a load to transport to Indiana. That on said date, he unhooked his enclosed trailer and the separate Defendants took control of the trailer, loaded it, and were supposed to secure the load. Said Defendants then sealed the load inside the enclosed trailer and then returned the sealed enclosed trailer to the Plaintiff.

8. That the Plaintiff received the load from the Defendants and was transporting it to a Wal-Mart Distribution Center in Gas, Indiana. That on or about November 3, 2010, the Plaintiff was at the Wal-Mart Distribution Center in Gas, Indiana. He opened his door to unload the items,

supposed loaded and secured by the Defendants, when the items fell out causing the Plaintiff to fall to the ground and suffer injury. As a result, he suffered injuries including, but not limited to, shoulder, neck and head injuries.

9. That the above referenced incident was proximately caused by the negligence of the Defendants, individually as well as jointly and severally.

10. That the Defendants, individually and jointly and severally, owed a duty to Shannon Woods to exercise a reasonable care in the performance of their obligations and responsibilities they assumed in loading the cargo, securing the cargo and to warn the Plaintiff against any hazardous and dangerous conditions.

11. That the Defendants, individually and jointly and severally, breached this duty to the Plaintiff by failing to exercise reasonable care in failing to do, among other things, the following:

    (a)    properly load the cargo;

    (b)    properly secure the load resulting in it shifting during transportation;

    (c)    failing to warn of the dangerous and hazardous condition of the load; and

    (d)    otherwise failing to perform duties they assumed in a reasonable and careful manner.

12. That as a proximate result of the negligence of the Defendants, all as aforesaid, individually, jointly and severally, the Plaintiff, Shannon Woods, was injured resulting in multiple injuries to include, but not limited to, his shoulder, neck and head; has incurred pain, suffering and mental anguish in the past and will continue to incur pain, suffering and mental anguish in the future; has incurred medical bills in the past and will incur medical bills in the future; has incurred loss of income as well as loss of earning capacity, past, present and future; has incurred permanent injury, as well as loss of the enjoyment of life, for all of which he is entitled to judgment against the

Defendants, individually as well as jointly and severally, for an amount in excess of that required by Federal jurisdiction in diversity of citizenship cases.

13. That the Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Shannon Woods, prays for judgment against the Defendants, Georgia-Pacific, LLC, Georgia-Pacific, LLC d/b/a Georgia-Pacific Bleach Board Hopper Paper Company and John Does 1-5, individually as well as jointly and severally, for damages set forth above, in an amount in excess of that required by Federal jurisdiction in diversity of citizenship cases, for his costs herein expended, and any and all other relief to which this Court may find him entitled.

Respectfully Submitted,

SHANNON WOODS, Plaintiff

By: _____
TIMOTHY J. MYERS, #93110
TAYLOR LAW PARTNERS, LLP
P.O. BOX 8310
FAYETTEVILLE, AR 72703
(479) 443-5222